IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| KENNETH J. NOWAKOWSKI | : | BANKRUPTCY NO.: 5:08-bk-52151 |
| a/k/a KNMC, INC., | : | |
| | : | |
| DEBTOR | : | |
| | : | |
| McCLURE ENTERPRISES, INC., | : | {**Nature of Proceeding**: Motion to |
| | : | Dismiss Chapter 13 Case (Doc. #47)} |
| MOVANT | : | |
| | : | |
| vs. | : | |
| | : | |
| KENNETH J. NOWAKOWSKI | : | |
| a/k/a KNMC, INC., | : | |
| | : | |
| RESPONDENT | : | |

# OPINION[1]

The eligibility of an individual to file a Chapter 13 case under the United States

Bankruptcy Code is statutorily set forth in 11 U.S.C. § 109(e) which provides, in its

entirety, as follows:

> **§ 109. Who may be a debtor**
> (e) Only an individual with regular income that owes, on the date of the
> filing of the petition, noncontingent, liquidated, unsecured debts of less than
> $336,900 and noncontingent, liquidated, secured debts of less than
> $1,010,650, or an individual with regular income and such individual's
> spouse, except a stockbroker or a commodity broker, that owe, on the date
> of the filing of the petition, noncontingent, liquidated, unsecured debts that
> aggregate less than $336,900 and noncontingent, liquidated, secured debts
> of less than $1,010,650 may be a debtor under chapter 13 of this title.
> [Footnotes omitted.]

McClure Enterprises, Inc., a creditor of the above-captioned Debtor, has filed a

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Motion to Dismiss the Debtor's Chapter 13 Case alleging the Debtor's secured debt far exceeds the secured debt limitations imposed by 11 U.S.C. § 109(e). The Debtor, unsurprisingly, has responded by directing the Court's and the objector's attention to the debts listed in his schedules and argues that the Debtor's secured debts fall well within the statutory debt limitation.

At the hearing on the objection, both parties requested that the Court take judicial notice of the Debtor's schedules and the proofs of claim filed in this case.

For his part, the Debtor argues that a review of the schedules reflects total secured debt far below the statutory limitation found in 11 U.S.C. § 109(e). I note that subsequent to the hearing on this instant objection, the Debtor amended his schedules to add two secured creditors who had filed proofs of claim in the case. (These claims were also requested by the objector to be added to the total debt calculation when the Court was determining the debt limitation for Section 109(e) purposes.) Even adding in these two secured creditors represented in the amendment, the total amount of secured debt listed on the schedules is still below the debt limitation for Section 109(e) purposes.

The objector responds that the Debtor is certainly not eligible for Chapter 13 relief and requests the Court, in making this determination, to take judicial notice of certain debts listed by the Debtor on the schedules and the debt represented by certain proofs of claim filed subsequent to the filing of this case by other creditors. Adding these debts together shows that the Debtor has non-contingent, liquidated secured debt in excess of the statutory limitation.

In making a Section 109(e) calculation, I find the following instructive:

> There has been some dispute as to whether the bankruptcy court may look beyond the debtor's schedules to determine eligibility under section

109(e). The Court of Appeals for the Sixth, Seventh and Ninth Circuits
have held that, just as a court does in evaluating whether a diversity plaintiff
meets the federal amount in controversy requirement under section 1332 of
title 28, **a court should look beyond the amounts asserted by the debtor
in the schedules only if it determines that they were not filed in good
faith**.[fn 49] In addition, cases have held that the petition date is the crucial
reference point for determining eligibility.[fn 50]

2 Collier on Bankruptcy, ¶ 109.06[3] at 109-47 (15th ed. rev.) Citations in footnotes
omitted. (emphasis ours)

       The language of the statute clearly states that the amount of the debt
is determined as of "**the date of the filing of the petition**." 11 U.S.C. §
109(e) (emphasis added). The courts that have considered this issue have
narrowly construed the quoted portion of § 109(e). They hold that a
bankruptcy court cannot look to post-petition events to determine the
amount of the debt. See *In re Robertson*, 84 B.R. 109 (Bankr.S.D.Ohio
1988) (holding that debt must be proved to exceed the statutory limit at the
time of filing) ( *citing In the Matter of Pearson*, 773 F.2d 751 (6th
Cir.1985) (holding that court will only look at petition to determine the
amount of the debts owed)); *In re Morton*, 43 B.R. 215, 220
(Bankr.E.D.N.Y.1984).

*In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999).

       This circuit has held that a debt is liquidated for the purposes of calculating
eligibility for relief under § 109(e) if the amount of the debt is readily
determinable. In *In re Fostvedt*, we stated that the question of whether a
debt is liquidated "turns on whether it is subject to 'ready determination and
precision in computation of the amount due.' " 823 F.2d at 306 (quoting
*Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th
Cir. BAP 1982)). In *In re Wenberg*, we affirmed for the reasons stated by
the bankruptcy appellate panel ("BAP"). *See* 902 F.2d at 768. The BAP
stated in its opinion: "The definition of 'ready determination' turns on the
distinction between a simple hearing to determine the amount of a certain
debt, and an extensive and contested evidentiary hearing in which
substantial evidence may be necessary to establish amounts or liability."

*Id.* at 1073, 1074 *citing In re Wenberg*, 94 B.R. at 634. *See also*, *In re De Jonghe*, 334
B.R. 760 (1st Cir. BAP 2005), *Mazzeo v. United States*, 131 F.3d 295 (2nd Cir. 1997),
Lawrence P. King, 2 Collier on Bankruptcy ¶ 109.06[2][c] (15th ed. Rev. 1997).

       The objector argues that for purposes of a Section 109(e) determination, the

Debtor cannot simply list various debts as disputed to take the amount of those debts out

of the computation.  I agree.  For purposes of the Section 109(e) computation, I will

consider all of the debts listed on the schedules, disputed or otherwise, as non-contingent

and liquidated.  With that said, I find that the Debtor qualifies as a Chapter 13 debtor

under the statutory limitations imposed by 11 U.S.C. § 109(e).  Important to my

determination is that no one, especially the objector herein, has raised an issue as to the

good faith filing and scheduling of the debts by the Debtor.  I will also, as other courts

have done, read Section 109(e) narrowly.  I will focus, for purposes of this case, on the

debt computation as provided in the schedules.  I see no reason to deviate from what I

consider the terms of the plain reading of the statute and the majority of cases when

looking at this issue but note, as pointed out in Colliers, there may be circumstances

which would dictate that I look to the debt structure and amounts independent of, or in

other words, in addition to the schedules, i.e., proofs of claim and claims litigation.  See 2

Collier on Bankruptcy, ¶ 109.06[3] at 109-48 (15th ed. rev.) *citing In re De Jounghe*, 334

B.R. 760 n.50a (1st Cir. BAP 2005)

    I am unconvinced by the objector's argument that I must look to the proofs of

claim in order to get an accurate computation for Section 109(e) purposes.  The objector

argues simply that his position is supported by the fact that the filing of a proof of claim is

*prima facie* proof of the evidence of the validity of the amount of the claim.  Even if the

Court were to accept the objector's position in a Section 109(e) computation, all the

objector did was ask the Court to take judicial notice of hearsay documents filed with this

Court.  The Debtor, on the other hand, offered the Debtor's testimony that he did not owe

the amounts of several proofs of claim, particularly those of the taxing authorities,

because of a pre-petition payment made to those taxing authorities.  If the Court were to

accept the position of the objector that it could and should take into consideration proofs of claim in the Section 109(e) computation, then it would follow, also, that the Court, in order to properly make that computation, would need to go to full, evidentiary hearings on objections to those proofs of claim in order to get a total liquidated amount. The Court finds this approach and its logic skewed.

Based upon the foregoing, I hereby deny the objector's Motion to Dismiss.

My Order will follow.

Date: April 15, 2009

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*